Colcock, J.
delivered the opinion of the Court.
The facts in this case having been fairly submitted to a Jury, and having been found against the plaintiff would be a sufficient reason why a new trial should not be granted; but as it is a case of. importance, I shall proceed to examine the plaintiff’s grounds in their order.
In the first he says he has not been guilty of any concealment, because the arrival of his vessel was known to a director, and had been published in the newspapers. In order to have availed himself of these circumstances as a refutation of concealment, he should have proven that the director had communicated his knowledge of the fact to the beard, or that the publication in the *157 newspapers had come to their knowledge-; and from the testimony it is clear that' they were not . apprised of the fact. The arrival of the vessel had been announced in the papers, but this has taken place long before the company was formed, and the director who gave evidence on the trial, did not state that he had communicated the information which he possessed to the board. It is asked if the plaintiff had not a right to presume that the board had a knowledge of the fact? The answer is, he should not have relied on presumptions, particularly when a question had been put to him calculated to produce a knowledge of the fact, and of course implying’at least a.dqubt of it. Why has the plaintiff not shown some reason for the evasive answer which he gave to the question put by the Board? for surely it may be called evasive. The time of her arrival being known, it was certainly more easy to calculate the probable time of -her departure from Barbacoa, than from the fact of her departure from Charleston. : If he had not been desirous to conceal the fact of her arrival, why give an answer calculated to mislead them, nay, one which most certainly must mislead them in this particular ? What is the rule on this subject ? “ The insured is bound by principles of moral honesty to disclos e tq the insurer all circumstances which may throw • the smallest light on the nature and perils, of the pro *158 posed adventure with the most unreserved candour and frankness, Marshall, 465.
But it is said that the arrival of the vessel at . Barracoa, if concealed, was not a material fact.-" Every fact and circumstance which can possibly influence the mind of any prudent and intelligent insurer, in determining whether he will underwrite the policy at all, or at what premium he will underwrite it, is material.” Id. 467. What were the risks insured ? The policy is in these words: " at and from Barracoa to Charleston, upon any kind of lawful goods or -merchandises, laden or to be laden on board the good registered American schooner, called the Example.” The risk, then, commenced as soon as she began to load; and can it be said that the time of her arrival was immaterial? The sooner-she arrived, the sooner, of course, the risk might commence; but the fact was material in a more important point of view. The insurance was effected in July; the vessel had been in port from the 29th of May, an unusual term; if they, the defendants, had known that she had been thére from that time, instead of the 8th or 13th of June, although they may not have, considered her as a missing vessel, yet they would undoubtedly have been more cautiousdn insuring, or at all events have been set upon inquiries which may have led them to the truth. The 3d ground states that there is no proof that Cott had instructions to wait; that the plaintiff may have been misled by *159 Ms (Coifs) information, and that the fact and circumstances show that he did not wait for the condemnation. Cott says in his letters, I am ready to sail, but waiting for the condemnation.. The plaintiff swears that he had sent by Cott expressly for the condemnation, and that he expected it daily. If this be not proof, I am at a loss to conceive what will be considered as proof. It is said, however, the circumstances of the case contradict their testimony. Circumstances are only resorted to in the absence of positive proof. But what circumstances, I would ask, could be sufficiently strong to counteract the positive evidence of those persons, who alone possessed the knowledge of the fact to be proven ? It is clear, that the circumstances do not'contradict the testimony of the plaintiff, and the letters of the captain, which are those which are relied on to produce this-effect; that the captain had not begun to load until — July; that-he. obtained a clearance on the 13th July, and that afterwards the crew and captain were sick. These circumstances may be true, and yet the captain may have been sent for the document, and may have waited for it. But what induced the affidavit of the plaintiff? It was made to postpone a cause of great importance, in which the document Sent for was indispensably necessary, and it was to be obtained from the island of St. Domingo, which is a few days’ sail from Barracoa. Do not these circumstances corroborate the *160 affidavit of the plaintiff and the letters of the Captain ? It is said the plaintiff may have been misled by the information of the Captain, but the plaintiff’s affidavit relates to facts within his own knowledge, he therefore could not have been misinformed. He says in the first affidavit, 18th June, “ I sent by Captain Raymon Cott to inquire for and obtain a condemnation which was supposed to have been made in a tribunal of the French republic;” and in the second, dated 25th July, which for safe carriage he (Cott) was to bring back with him. The facts stated in the 4th ground may be all true, and yet the plaintiff not entitled to a new trial; admit that his stay at Barracoa was not longer than is usual in the course of trade, yet if it is clear that he may have sailed before the 13th July, and had waited for the document, the policy is void. It is a rule that the ship shall proceed on her voyage, not by the shortest and, safest course, but also with all reasonable expedition. Marshall153. Now he states himself, he was ready to sail before the 13th July, and the witness, who went there, when he purchased a return cargo, proves this also.
a ship insured the sIoíS au5 safest course, and with aii fele expedition.
The fifth ground is, that the policy was confirmed by the answer of the Board, that it would cover specie, and also by a refusal to return the premium. When the first letter of Cott was shown to the Board by the plaintiff^ a few days after the policy was signed, it does not appear *161 that the Board was informed that the plaintiff had received this letter before the insurance was effected. They may not then have discovered his 'concealment; and if it was not discovered, they could not have complained of it, or intended to waive any right which might re’súlt from it. When they refused to return the premium, they had discovered the fraud, and therefore had a right to retain it. “ In all cases of actual fraud on the part of the insured, committed either by himself • ■ •. in ; , or his agent, the underwriter shall retain the premium.” 6S2. Upon the -whole, I think the case clear of doubt, that there was a concealment, and of a material fact; that Cott was charged to bring the condemnation, which it is manifest was an important document, and was wanted by the plaintiff at that very-.time; that he was detained by waiting for this document, and therefore that the policy was not made as it professes to be, bonafide, and is void.
„ „,. SaSrSon tfce underwriters.
K. L. Simons, for the motion.
Hayne, contra.
The motion for a new trial was therefore refused. .
Cheves, J. gave no opinion, having been of Counsel in the case.